IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE EMILY YANKELOVICH<br>MORDECAI and DAVID MORDECAI<br>135 Conant Road<br>Weston, MA 02493<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN  46285<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY<br>a successor of E.R. SQUIBB & SONS, INC.<br>P. O. Box 4500<br>Princeton, NJ  08543<br><br>and<br><br>PHARMACIA and UPJOHN COMPANY<br>(a/k/a THE UPJOHN COMPANY)<br>100 Route 206 North<br>Peapack, NJ  07977<br><br>and<br><br>ABBOTT LABORATORIES, INC.<br>100 Abbott Park Road<br>Abbott Park, IL  60064<br><br>and<br><br>DART INDUSTRIES, INC., a successor to<br>REXALL DRUG COMPANY, INC.<br>w/s/o:  Sheila AnnMarie Moeller, Esq.<br>　　　　Gilbride, Tusa, Last & Spellane LLC<br>　　　　31 Brookside Drive<br>　　　　Greenwich, CT 06836 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CIVIL ACTION _____<br>)<br>)  SUPERIOR COURT NO. 06-006752<br>)<br>)<br>)  DEFENDANT ELI LILLY AND<br>)  COMPANY'S NOTICE OF<br>)  REMOVAL OF CIVIL ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2098284v1

| | |
|---|---|
| and | ) |
| | ) |
| **GLAXOSMITHKLINE, INC.**, | ) |
| a successor to S.E. Massengill and | ) |
| Burroughs-Wellcome Co., | ) |
| 1500 K Street, NW | ) |
| Washington, D.C. 20005 | ) |
| | ) |
| and | ) |
| | ) |
| **PREMO PHARMACEUTICAL** | ) |
| **LABORATORIES, INC.** | ) |
| w/s/o: Corporation Trust Co. | ) |
|         820 Bear Tavern Road | ) |
|         West Trenton, NJ 08628 | ) |
| | ) |
| and | ) |
| | ) |
| **ORTHO MCNEIL LABS, INC.** | ) |
| Camp Hill Road | ) |
| Ft. Washington, PA 19034 | ) |
| | ) |
| and | ) |
| | ) |
| **PERSON & COVEY, INC.** | ) |
| 616 Allen Avenue | ) |
| Glendale, CA 91221 | ) |
| | ) |
| and | ) |
| | ) |
| **MERCK & COMPANY, INC.** | ) |
| P. O. Box 4 | ) |
| West Point, PA 19486 | ) |
| | ) |
| and | ) |
| | ) |
| **MALLINCKRODT, INC.** | ) |
| 675 McDonnell Boulevard | ) |
| St. Louis, MO 63042 | ) |
| | ) |
| and | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

2

2098284v1

| | |
|---|---|
| ELAN PHARMACEUTICALS,<br>A successor to CARNRICK<br>LABORATORIES, INC.,<br>w/s/o:  CT Corporation<br>        1025 Vermont Avenue, NW<br>        Washington, DC 20005<br><br>                **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT ELI LILLY AND COMPANY'S
### NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.   On September 1, 2006, Plaintiffs filed this case against Lilly, Bristol-Myers Squibb Company ("Squibb"), Pharmacia and Upjohn Company ("Upjohn"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline ("Glaxo"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Person & Covey, Inc. ("Person & Covey"), Merck & Company, Inc. ("Merck"), Abbott Laboratories, Inc. ("Abbott"), Elan Pharmaceuticals ("Elan"), Ortho-McNeil Labs, Inc. ("Ortho") and Mallinckrodt, Inc. ("Mallinckrodt").  The action is styled as *Nicole Emily Yankelovich Mordecai and David Mordecai v. Eli Lilly and Company, et al.*, Civil Action No. 06-0006752, in the Superior Court of the District of Columbia, Civil Division.  In their Complaint, Plaintiffs allege that Nicole Mordecai's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, infertility and that Nicole Mordecai incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering. *See* Complaint at ¶ 4.

3

2098284v1

2.  Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A.**

## NOTICE OF REMOVAL IS TIMELY

3.  Plaintiffs served their Complaint in this action on Lilly on September 7, 2006. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

5.  Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff filed this action in the Superior Court of the District of Columbia. No Defendant in this action is a citizen of the District of Columbia.

6.  Upon information and belief, Plaintiffs are citizens of Massachusetts. *See* caption of Plaintiffs' Complaint, listing Plaintiffs' residence in Weston, Massachusetts.

2098284v1

7. Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8. Squibb is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Based upon information and belief, Squibb has not been served with a summons or complaint in this action.

9. Upjohn is a corporation organized under the laws of the State of Delaware with its principal place of business located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn Consent to Removal attached hereto as **Exhibit B**.

10. Dart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. *See* Dart Consent to Removal attached hereto as **Exhibit C**.

11. Glaxo is a corporation organized under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit D**.

12. Premo is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Connecticut. Pursuant to 28 U.S.C. §

1332(c)(1), Premo is a citizen of New Jersey and Connecticut. Based upon information and belief, Premo has not been served with a summons or complaint in this action..

13. Person & Covey is a corporation organized under the laws of the State of California with its principal place of business located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California. Based upon information and belief, Person & Covey has not been served with a summons or complaint in this action.

14. Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey. Merck has consented to removal. *See* Merck Consent to Removal attached hereto as **Exhibit E**.

15. Abbott is a corporation organized under the laws of the State of Illinois with its principal place of business located in Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois. Abbott has consented to removal. *See* Abbott Consent to Removal attached hereto as **Exhibit F**.

16. Elan is a corporation organized under the laws of the State of Delaware with its principal place of business located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Elan is a citizen of Delaware and California. Based upon information and belief, Elan has not been served with a summons or complaint in this action..

17. Ortho is a corporation organized under the laws of the State of Delaware with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1),

Ortho is a citizen of Delaware and New Jersey. Ortho has consented to removal. *See* Ortho Consent to Removal attached hereto as **Exhibit G**.

18. Mallinckrodt is a corporation organized under the laws of the State of Delaware with its principal place of business located in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), Mallinckrodt is a citizen of Delaware and Missouri. Mallinckrodt has consented to removal. *See* Mallinckrodt Consent to Removal attached hereto as **Exhibit H**.

19. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

20. In their Complaint, Plaintiffs seek $3,000,000 in compensatory damages from Defendants. *See* Complaint at pp. 7-8. Based on Plaintiffs' damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

21. Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia. 28 U.S.C. § 1441(a).

22. Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiffs, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit I**.

23. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

24. Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

25. Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Nicole Emily Yankelovich Mordecai and David Mordecai v. Eli Lilly and Company, et al.*, Civil Action No. 06-0006752, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

*/s/ Emily J. Laird*
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2098284v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

_____
ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY

9

2098284v1