UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE EMILY YANKELOVICH MORDECAI and DAVID MORDECAI,<br><br>    Plaintiffs,<br>v.<br><br>ELI LILLY AND COMPANY, et al.<br><br>    Defendant. | CIVIL ACTION No. 06-1634 (RCL)<br>Next Event:<br>Deadline for Plaintiff's 26(a)(2)<br>May 16, 2007 |

### PLAINTIFFS' PARTIAL CONSENT MOTION TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK

COME NOW the Plaintiffs, by and through counsel, and with consent of Defendants Pharmacia and Upjohn Company, Merck & Company, Ortho-McNeil Pharmaceuticals, Inc., Dart Industries, Inc., and Elan Pharmaceutical, Inc. and move pursuant to 28 U.S.C § 1404(a), that this Court transfer this action to the United States District Court for the Eastern District of New York in Brooklyn, New York, and as grounds therefore state:

  1. This is a product liability/personal injury case for injuries sustained by Plaintiff Nicole Mordecai, including, but not limited to, uterine abnormalities as a result of her embryonic exposure to Diethylstilbestrol ("DES").

  2. Plaintiff Nicole Mordecai's in utero exposure to DES occurred in New York City, where the witnesses to her exposure and early medical history reside.

  3. All other non-party fact witnesses reside in Massachusetts, for which the Eastern District of New York would be more convenient.

  4. This case was originally filed in the Superior Court for the District of Columbia on September 1, 2006 and subsequently removed by Defendants to this Court on September 21, 2006.

5.  This cause has no contacts with the District of Columbia, other than that the Defendants conduct or have conducted significant business here.  No witnesses reside within the District of Columbia.

6.  New York substantive law applies in this case; New York law applies a "market share" theory in DES cases that the District of Columbia does not apply.  The interests of justice would be better served by having a court in New York determine New York law.

7.  The interests of justice would be best served in this case by having this action transferred to the United States District Court for the Eastern District of New York, as discovery efforts, convenience, and costs would be best served.

8.  The following Defendants have consented to transfer: Pharmacia and Upjohn Company, Merck & Company, Ortho-McNeil Pharmaceuticals, Inc., Dart Industries, Inc., and Elan Pharmaceutical, Inc.  The following Defendants did not consent to transfer: Eli Lilly and Company, Bristol-Myers Squibb Company, GlaxoSmithKline, Mallinckrodt, Inc. and Premo Pharmaceutical Laboratories, Inc.  Defendant Person and Covey, Inc. does not consent to or oppose transfer

WHEREFORE, for the foregoing reasons and for the reasons contained in Plaintiffs' attached memorandum, Plaintiffs respectfully request that this Court, in accordance with 28 U.S.C § 1404(a), enter an Order transferring this matter to the United States District Court for the Eastern District of New York.

Respectfully submitted,

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiffs

## LCvR 7.1(m) CERTIFICATION

Consent to the foregoing Motion to Transfer was granted by counsel for Defendants Pharmacia and Upjohn Company LLC, Merck & Co. Inc., Ortho-McNeil Pharmaceuticals, Inc., and Dart Industries, Inc., and Elan Pharmaceutical, Inc. as of January 10, 2007.

Consent to the foregoing Motion to Transfer was denied by counsel for Defendants Eli Lilly and Company, Bristol-Myers Squibb Company, GlaxoSmithKline, Mallinckrodt, Inc. and Premo Pharmaceutical Laboratories, Inc. as of January 10, 2007. As of January 10, 2007, counsel for Defendant Person and Covey, Inc. does not consent or oppose the foregoing motion to transfer.

/s/ Aaron M. Levine
AARON M. LEVINE, #7864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE EMILY YANKELOVICH MORDECAI and DAVID MORDECAI,<br><br>Plaintiffs,<br>v.<br><br>ELI LILLY AND COMPANY, et al.<br><br>Defendant. | CIVIL ACTION No. 06-1634 (RCL)<br>Next Event:<br>Deadline for Plaintiff's 26(a)(2)<br>May 16, 2007 |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR PARTIAL CONSENT MOTION TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK

**I.   INTRODUCTION**

Plaintiffs Nicole Mordecai and David Mordecai brought this suit to recover for damages due to Plaintiff Nicole Mordecai's prenatal exposure to Diethylstilbestrol (DES). Nicole Mordecai was born in New York City, where her mother still lives. Plaintiff Nicole Mordecai's earliest relevant medical care also occurred in New York City. See selections from Plaintiff Nicole Mordecai's Responses to Defendants' Amended Uniform Preliminary Requests for Information, as App. 1.

In Albin v. Eli Lilly and Co., Civil Action No. 04-986 (D.D.C. July 30, 2004), attached as App. 2, the District Court for the District of Columbia granted a DES plaintiff's motion to transfer to the Eastern District of New York where the plaintiff's exposure and some of her medical treatment took place in New York, although Plaintiff was Canadian. Here, Defendants Pharmacia and Upjohn Company, Merck & Company, Ortho-McNeil Pharmaceuticals, Inc., Dart Industries, Inc., and Elan Pharmaceutical, Inc. consent to transfer, and, like Albin, the convenience of the Eastern District of New York is greater than that of the District of Columbia.

**II.    STANDARD ON MOTION TO TRANSFER**

A transfer under 28 U.S.C. § 1404(a) is to any district where the action might have been brought.  Plaintiffs could have initially brought this suit in the Eastern District of New York.  All defendants are corporations, which are deemed to reside in any district which can exercise personal jurisdiction over them.  See 28 U.S.C. § 1391(c).  A plaintiff may sue in any district that a defendant resides, if all defendants reside within a state.  See 28 U.S.C. § 1391(a)(1).

In diversity, a District Court has the same jurisdiction as the state court in the same area.  Defendants either currently conduct significant business within the state to subject them to jurisdiction or are subject to jurisdiction by virtue of having committed a tortious act against Plaintiff in New York, see N.Y. C.P.L.R. § 302.  As all Defendants are subject to jurisdiction, and therefore reside, in the Eastern District of New York, this case could be brought there.

The standard for transfer of venue as set forth by statute is "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but "[c]ourts have considered various other factors, including the private interests of the parties and the public interests of the court" in construing § 1404.  Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996).

The private interest considerations include, but are not limited to the (1) plaintiff's choice of forum, (2) the defendants' choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof.  Trout Unlimited, 944 F. Supp. at 16.  The public interest considerations include (1) the familiarity of the transferee forum with the governing laws, (2) the relative congestion of the court calendars, and (3) the local interest in deciding local controversies at home.  Id.

2

Here, nearly every factor is in favor of transfer. Both Plaintiffs and several defendants wish to change the forum. The claim arose in New York and is governed by New York law. Almost all witnesses and evidence are more convenient to the Eastern District of New York than the District of Columbia, and New York's interest in this case is greater than the District of Columbia's.

## III.    NEW YORK IS A MORE CONVENIENT FORUM

### A.    PRIVATE INTEREST FACTORS

#### 1.    <u>The Balance Regarding Parties' Choice of Forum Leads to the Eastern District of New York, and New York is More Convenient for the Parties</u>

The courts "must afford some deference" to Plaintiffs' choice of forum. <u>Trout Unlimited</u>, 944 F. Supp. at 17. Here, Plaintiffs elect to transfer; the weight of this factor is therefore not in favor of maintaining the present forum. Similarly, five defendants – Pharmacia and Upjohn Company, Merck & Company, Ortho-McNeil Pharmaceuticals, Inc., Dart Industries, Inc., and Elan Pharmaceutical, Inc. – also favor transfer to the Eastern District of New York. There is, therefore, no clear balance of interests favoring maintenance of this forum for the defendants who do not consent to transfer.

When the current forum has no meaningful ties to or interest in a lawsuit, the court must be "especially cautious" in allowing a case to remain there. <u>Trout Unlimited</u>, 944 F. Supp. at 17. If the forum is not the plaintiff's home forum, and the injury and initial treatment occurred elsewhere, the balance of interests is in favor of transfer. <u>Brannen v. National R.R. Passenger Corp.</u>, 403 F. Supp. 2d 89, 93 (D.D.C. 2005). This is a New York products liability case where no parties are residents of the District of Columbia, and all substantial actions occurred in New York. The balance of interests favors transfer to a New York court.

3

2.   New York is a More Convenient Forum for Witnesses and Sources of Proof

The convenience of witnesses is often considered the most important factor in evaluating a motion to transfer. Altamont Pharmacy, Inc. v. Abbott Lab's, No. 94 C. 6282, 2002 U.S. Dist. LEXIS 759 at *7 (N.D. Ill. 2002), attached as App. 3. In evaluating the convenience of the witnesses, the court considers a number of factors, including "(1) the number of witnesses located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of witnesses; and (5) the situs of the material events." 2002 U.S. Dist. LEXIS 759 at *6-7 (N.D. Ill. 2002).

Here, there are no witnesses in the District of Columbia. Within the subpoena power of the Eastern District of New York are all witnesses and documents relevant to Plaintiff's exposure and early medical treatment. The Eastern District of New York is the more convenient jurisdiction.

A witness's inconvenience is material when the inconvenience may make the witness unavailable to testify. Brannen, 403 F. Supp. 2d at 94. Plaintiff Nicole Mordecai's mother, who resides in New York City, is an octogenarian. It is more convenient, and more likely to elicit her testimony, if she can testify close to home. As she is the primary witness to prove exposure to DES, her convenience is important to the case.

The remainder of the fact witnesses, including Plaintiffs, are in Massachusetts, for which the Eastern District of New York is closer. Defendants all have counsel in New York City, and the national counsel for Defendants Bristol-Myers Squibb Company, Premo Pharmaceutical Laboratories, and Elan Pharmaceuticals are all located in New York City. The transfer of this case will make the case less burdensome for all the parties.

B.     PUBLIC INTEREST FACTORS

Both the District Court for the District of Columbia and the Eastern District of New York are busy metropolitan courts. However, when a case is in its early stages and the court has not become familiar with the merits of the case, there is no delay associated with transfer to another district, even if that district is statistically more "crowded." See Brannen, 403 F. Supp. 2d at 95.

The Eastern District of New York is a much better forum regarding the local interest factors. "Controversies should be resolved in the locale where they arise." Trout Unlimited, 944 F. Supp. at 19. In a diversity case, the public interest factors weigh in favor of having a jury apply its local laws. See Brannen, 403 F. Supp. 2d at 96. As the Supreme Court noted:

> We pay great deference to the views of the judges of those courts who are familiar with the intricacies and trends of local law and practice . . .

Bishop v. Wood, 426 U.S. 341, 346 n. 10 (1976).

New York, the place of Plaintiff Nicole Mordecai's exposure to DES, applies a market share theory to DES cases. See Hymowitz v. Eli Lilly, 539 N.E.2d 1069 (N.Y. 1989). The Eastern District of New York has extensive experience in applying New York law regarding DES cases. See, e.g., In re DES Cases, 789 F. Supp. 552 (E.D.N.Y. 1992) (discussing New York's DES cases in detail in reference to consolidated DES litigation). The case would be assigned to Judge Jack Weinstein, who has a Standing Order referring all Eastern District DES cases to him. Judge Weinstein has extensive experience in handling DES cases. See In re DES Cases, supra. The Eastern District of New York is the best district to interpret the market share law underpinning this case.

## IV. CONCLUSION

The Eastern District of New York is a more appropriate venue for this case. It has subpoena power over witnesses and documents relevant to Plaintiff Nicole Mordecai's exposure

5

to DES and has more experience with the governing law.  Therefore, Plaintiffs request, with the consent of Defendants Pharmacia and Upjohn Company, Merck & Company, Ortho-McNeil Pharmaceuticals, Inc., and Dart Industries, Inc., to transfer this case to the Eastern District of New York.

>Respectfully submitted,
>
>/s/ Aaron M. Levine
>AARON M. LEVINE, #7864
>1320 Nineteenth Street, N.W.
>Suite 500
>Washington, DC 20036
>202-833-8040
>
>Counsel for Plaintiffs