# Appendix 1

Case 1:06-cv-01634-RCL    Document 44-2    Filed 01/16/2007    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE EMILY YANKELOVICH MORDECAI, et al., | ] ] ] |
| Plaintiffs, | ] ] |
| v. | ]   Civil Action No. 1:06-cv-1634 (RCL) |
| ELI LILLY AND COMPANY, et al., | ] ] ] |
| Defendants. | ] |

**PLAINTIFF NICOLE MORDECAI'S
RESPONSES TO DEFENDANTS' AMENDED UNIFORM PRELIMINARY
REQUESTS FOR INFORMATION**

I.  GENERAL AS TO EACH PLAINTIFF

1.  State the full name, address, social security number, and date and place of birth of each plaintiff.

**RESPONSE:**

    a.  Nicole Mordecai;

    b.  Address: 135 Conant Road, Weston, MA 02493;

    c.  SSN: 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;

    d.  DOB: 4/7/60; and

    e.  Place of Birth: New York City Doctors Hospital, New York, NY.

2.  Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

**RESPONSE:**    Nicole Mordecai.

3.  State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person. Identify any deceased parent, the date, place, and cause of death.

**RESPONSE:**

    a.  Mother: Hasmieg Yankelovich; Address: 14 East 75th Street, New York, NY

10021; SSN: 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; and

b. Father: Daniel Yankelovich; Address: 1855 Spindrift Drive, La Jolla, CA 92037; SSN: 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.

4. State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:** <u>Prior addresses for Plaintiff Nicole Mordecai:</u>

a. 25 East 86th Street
New York, NY 10028
(1960 - 1965; with parents)

b. 14 East 75th Street
New York, NY 10021
(1965 - 1978; with parents)

c. Brown University Dormitories
Providence, RI
(1978 - 1980; with various roommates)

d. Brown University Off-Campus Housing
Brook Street
Providence, RI
(1980 - 1985; with various housemates)

e. 29 11th Street
Providence, RI 02906
(1986 - 1989; alone)

f. 29 11th Street
Providence, RI 02906
(1989 - 1991; with first husband Bernard Haan)

g. 135 Conant Road
Weston, MA 02493
(1992 - 1995; alone)

<u>Prior addresses for Hasmieg Yankelovich:</u>

a. 25 East 86th Street
New York, NY 10028
(1959 - 1965; with husband Daniel Yankelovich and daughter Nicole Yankelovich)

II.     AS TO ALLEGATIONS OF INGESTION

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5.     State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:**     Plaintiff's mother recalls filling her DES prescription at a pharmacy located in New York City. Plaintiff reserves the right to supplement this response as discovery progresses.

6.     If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:**     Zitomer Pharmacy, 969 Madison Avenue, New York, NY.

7.     Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:**     Product identification is still under investigation and has not been finally concluded. Plaintiff reserves the right to supplement this response as discovery progresses.

8.     State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:**     Diethylstilbestrol.

9.     Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage, and markings.

**RESPONSE:**     Pill form. Dosage unknown. Plaintiff reserves the right to supplement this response as discovery progresses.

10.     Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color, and size.

**RESPONSE:**     At this time, Plaintiff is unable to describe in detail the container and

packaging in which the DES was contained. Plaintiff reserves the right to supplement this response as discovery progresses.

11. Describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:** At this time, Plaintiff is unable to describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, and the locations and dates when any notations and writings were made thereon. Plaintiff reserves the right to supplement this response as discovery progresses.

12. State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person. Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:**   a.   Mortimer Speiser, M.D.; and

  b.   Last known address: 905 Fifth Avenue, New York, NY.

13. State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription. If so, identify the physician.

**RESPONSE:** Plaintiff's mother obtained the DES on the authorization of Dr. Speiser's prescription.

14. If a prescription for DES was received, identify all words, numerals, symbols, notations, and other markings appearing on the prescription.

**RESPONSE:** At this time, Plaintiff is unable to identify all words, numerals, symbols, notations, and other markings appearing on the prescription for DES.

15. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:** Early in pregnancy.

16. State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:** DES was prescribed to Plaintiff's mother for the prevention of miscarriage.

17. Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions. If available, attach copies thereof.

**RESPONSE:** Plaintiff's mother recalls taking DES everyday. Custodian and location of instructions unknown.

18. Identify each prescribing practitioner who authorized any respective prescription to be refilled and the date of each authorization.

**RESPONSE:** See Plaintiff's Response to Request Nos. 12 and 13.

19. State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:** See Plaintiff's Response to Request No. 15. Plaintiff's mother does not recall the number of times or exact dates that the prescription was refilled.

20. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:** DES was ingested by Plaintiff's mother throughout the pregnancy.

21. State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:** DES was obtained by Hasmieg Yankelovich.

22. State, both as to the prescription of DES, and the administration or ingestion of DES, the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:** See Plaintiff's Response to Request Nos. 9, 17, and 20.

23. State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner. If so, state:

    (a)    the name and last known address of the practitioner who prescribed the change;

    (b)    each date on which the change was carried out;

    (c)    the amount and frequency of dosage on each date; and

    (d)    the number of days of the changed regimen.

**RESPONSE:** Aside from taking DES daily, Plaintiff's mother does not recall whether the regimen was changed from that initially recommended by Dr. Speiser. Plaintiff reserves the right to supplement this response as discovery progresses.

24. Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person. For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration, and dates of such prescription, consumption and /or administration. Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:** None, other than DES.

25. State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person. Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:**

    a.    New York City Doctors Hospital, New York, NY;

    b.    Date of Hospitalization: April 1960; and

    c.    Mortimer Speiser, M.D.

26. (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:** To the best of Plaintiff's knowledge, Plaintiff's mother has had six

pregnancies as follows:

    a. Nicole Yankelovich, now Nicole Mordecai, born 4/7/60. Dr. Mortimer Speiser. New York City Doctors Hospital, New York, NY. DES prescribed during the pregnancy;

    b. Miscarriage 2/17/61 at approximately 7 weeks' gestation. Dr. Mortimer Speiser;

    c. Miscarriage 4/10/62 at approximately 10 weeks' gestation. Dr. Mortimer Speiser;

    d. Miscarriage 12/6/62 at approximately 9 weeks' gestation. Dr. Mortimer Speiser;

    e. Miscarriage 1963, requiring dilatation and curettage. Dr. Mortimer Speiser. New York City Doctors Hospital, New York, NY; and

    f. Miscarriage 5/30/65 at approximately 19 weeks' gestation. Dr. Mortimer Speiser.

27. State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth and the circumstances under which plaintiff acquired this information. Provide copies of all documents that confirm the use of DES.

**RESPONSE:** Plaintiff learned from her mother in approximately 1979 that she was exposed to DES in utero. Attached hereto as Appendix No. 1 are copies of Plaintiff's medical records.

III. **AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS**

With respect to any allegations in the Complaint that an exposed person has sustained injury as a result of exposure to DES, as to each such person, identified by name:

28. Describe each injury, whether physical or emotional, allegedly sustained and any treatment received therefor.

**RESPONSE:**

    a. T-shaped uterus;

    b. Primary infertility;

    c. Anxiety and terror regarding future adverse pregnancy outcomes;

    d.    Anger and resentment that reproductive potential is damaged;

    e.    Depression; and

    f.    Relationship with spouse complicated by anger, resentment, and disappointment.

All of the aforementioned injuries have resulted in Plaintiff proceeding with adoption with its concomitant extraordinary expenses. Plaintiff reserves the right to supplement this response as discovery progresses.

29.    As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:**    Plaintiff was aware of her primary infertility at the time of infertility.

30.    Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:**    Plaintiff sought treatment for her primary infertility at the time of infertility.

31.    Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:**    Treating physicians were:

    a.    Samuel Pang, M.D., Reproductive Science Center, One Forbes Road, Lexington, MA 02421; and

    b.    Janis Fox, M.D., Center for Reproductive Medicine, Brigham and Women's Hospital, 75 Francis Street, Boston, MA 02115.

Additionally, the following have provided GYN consultation and/or examinations:

    a.    Leonard Wolf, M.D., 20 East 9th Street, New York, NY 10003;

    b.    Susan Blankenship, M.D., 482 Bedford Street, Lexington, MA 02420; and

    c.    Julie Rein, M.D., 45 Colpitts Road, Weston, MA 02493.

32.    Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for

The information contained in these requests, as well as the word usage, sentence structure, and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: Dec 13, 2006

NICOLE MORDECAI, Declarant

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff