# Appendix 3

FOCUS - 4 of 14 DOCUMENTS

ALTAMONT PHARMACY, INC., et al., Plaintiffs, vs. ABBOTT LABORATORIES, et al., Defendants. BAKER'S PHARMACY, et al., Plaintiffs, vs. ABBOTT LABORATORIES, et al., Defendants. MEIJER, INC., Plaintiff, vs. ABBOTT LABORATORIES, et al., Defendants. PUBLIX SUPERMARKETS, Plaintiff, vs. ABBOTT LABORATORIES, et al., Defendants.

94 C 6282, 95 C 2015, 95 C 1940, 95 C 246

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2002 U.S. Dist. LEXIS 759; 2002-1 Trade Cas. (CCH) P73,603

January 17, 2002, Decided
January 18, 2002, Docketed

**DISPOSITION:** [*1] Plaintiffs' motions to transfer their cases to the Eastern District of New York granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff retail pharmacies filed suit against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs, alleging violations of the federal antitrust laws. Plaintiffs moved to transfer their cases.

**OVERVIEW:** The court found that the retail pharmacies showed that the convenience of the parties and witnesses and the interest of justice would have been furthered by transferring the cases. Conversely, the manufacturers and wholesalers of brand name prescription drugs failed to show that they would have been prejudiced if their cases were transferred. Virtually all of the manufacturer defendants had corporate headquarters or principal places of business in the other district. Also, compulsory process of more witnesses could have been obtained if the cases were tried in the other district.

**OUTCOME:** The retail pharmacies' motion to transfer their cases was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
*Civil Procedure > Venue > Multidistrict Litigation*

[HN1] A district court to which cases have been transferred pursuant to 28 U.S.C.S. § 1407 for pretrial proceedings cannot, after conclusion of the pretrial proceedings, transfer the case to itself for trial under 28 U.S.C.S. § 1404(a).

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN2] Under 28 U.S.C.S. § 1404(a), a district court may, for the convenience of the parties and the witnesses and in the interest of justice, transfer any civil action to any other district or division where it might have been brought. 28 U.S.C.S. § 1404(a). It is well-established that a decision to transfer a case is committed to the district court's sound discretion. A case may be transferred pursuant to 28 U.S.C.S. § 1404(a) if the movant meets his burden of showing that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. These factors are not rigid, but rather are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the facts of each case.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN3] In the context of 28 U.S.C.S. § 1404, analyzing the convenience of the witnesses, the court must evaluate a number of factors, such as: (1) the number of witnesses located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of unwilling witnesses; (4) the cost

Case 1:06-cv-01634-RCL   Document 44-4   Filed 01/16/2007   Page 3 of 6

Page 2

2002 U.S. Dist. LEXIS 759, *; 2002-1 Trade Cas. (CCH) P73,603

of obtaining the attendance of witnesses; and (5) the situs of material events. The convenience of the witnesses is often viewed as the most important factor to be considered.

*Civil Procedure > Discovery > Methods > Requests for Production & Inspection*
*Civil Procedure > Pretrial Matters > Subpoenas*
[HN4] See *Fed. R. Civ. P. 45(b)(2)*.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN5] In the context of *28 U.S.C.S. § 1404*, the third factor the court must consider is whether a transfer is in the interest of justice. To make this determination, the court must analyze: (1) the relation of the community to the issue of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets. When considering this third factor, the court grants considerable weight to the plaintiff's choice of forum. In addition, the administration of justice is better served when the action is litigated in the forum that is closer to the action.

COUNSEL: For BAKER'S PHARMACY, BOLLINGBROOK PHARMACY, INC., BURGLAND DRUG, INC., DAVIDSON DRUGS, GABLE FAMILY PHARMACY, SCHLEPER PHARMACY, INC., SENTRY DRUG, INC., T.J.T. PHARMACY, INC., PORTERS VILLAGE RX, PHARMACY CONSULTANTS, INC., BENCHI INC, G & G PHARMACY, INC., WBC PHARMACIES, INC., plaintiffs (95-CV-2015): Melvyn I. Weiss, Milberg, Weiss, Bershad, Hynes & Lerach LLP, New York, NY.

For BAKER'S PHARMACY, BOLINGBROOK PHARMACY, INC., BURGLAND DRUG, INC., CLARENDON PHARMACY CONSULTANTS, INC., DAVIDSON DRUGS, GABLE FAMILY PHARMACY, SCHLEPER PHARMACY, INC., SENTRY DRUG, INC., T.J.T. PHARMACY, INC., PORTERS VILLAGE RX, PHARMACY CONSULTANTS, INC., BENCHI INC, G & G PHARMACY, INC., WBC PHARMACIES, INC., plaintiffs (95-CV-2015): Mary McInnis Boies, Mary Boies & Associates, Bedford, NY.

For BAKER'S PHARMACY, BOLINGBROOK PHARMACY, INC., BURGLAND DRUG, INC., CLARENDON PHARMACY CONSULTANTS, INC., DAVIDSON DRUGS, GABLE FAMILY PHARMACY, SCHLEPER PHARMACY, INC., SENTRY DRUG, INC., T.J.T. PHARMACY, INC., PORTERS [*2] VILLAGE RX, PHARMACY CONSULTANTS, INC.,

BENCHI INC, G & G PHARMACY, INC., WBC PHARMACIES, INC., plaintiffs (95-CV-2015): Terry Rose Saunders, Law Offices of Terry Rose Saunders, Chicago, IL.

JUDGES: Charles P. Kocoras, United States District Judge.

OPINION BY: Charles P. Kocoras

OPINION:

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Plaintiffs' motions to transfer their cases to the Eastern District of New York. For the following reasons, the motion is granted.

**BACKGROUND**

In the early 1990's, tens of thousands of retail pharmacies of various sizes filed suit against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs, alleging violations of the federal antitrust laws. Pursuant to the orders of the Judicial Panel for Multidistrict Litigation (the "MDL Panel"), the cases were transferred to this court for coordinated or consolidated pretrial proceedings as *In re Brand Name Prescription Drugs Antitrust Litig., 2001 U.S. Dist. LEXIS 18591*, Civ. No. 94 C 897, MDL 997. In late 1994, this court certified a class of plaintiffs pursuant to *Rule 23(b)(3) of the Federal Rules of Civil Procedure* (the "Class"). A number of plaintiffs, [*3] including those currently before the court, opted out of the Class. For the sake of clarity and simplicity, the opt-out plaintiffs involved in the cases at bar are referred to as two opt-out plaintiff groups. One opt-out plaintiff group has two cases in this district: Altamont Pharmacy, Inc. v. Abbott Lab., Inc., Civ. No. 94 C 6282 and Baker's Pharmacy v. Abbott Lab., Civ. No. 95 C 2015 (the "Boies/Gravante plaintiffs"). The other opt-out plaintiff group also has two cases in this district: Meijer, Inc. v. Abbott Lab., Inc., Civ. No. 95 C 1940 and Publix Supermarkets v. Abbott Lab., Civ. No. 95 C 0246 (the "Malley's plaintiffs"). Where the court refers to "Plaintiffs" it makes reference to both groups.

On March 22, 2001, this court recommended to the MDL Panel that the Sherman Act claims be remanded to the District Courts from which the transfers were made. The Defendant manufacturers subsequently asked this court to refer all the opt-out plaintiffs' cases to a settlement judge. This court granted their request and referred those cases to Magistrate Judge Keys. The settlement efforts were not successful with respect to the cases before the court.

Case 1:06-cv-01634-RCL   Document 44-4   Filed 01/16/2007   Page 4 of 6

Page 3

2002 U.S. Dist. LEXIS 759, *; 2002-1 Trade Cas. (CCH) P73,603

The MDL Panel adopted [*4] this court's recommendation to remand the Sherman Act claims on October 19 of this year. The Boies/Gravante plaintiffs and the Malley's plaintiffs have now moved this court pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") to transfer their cases to the Eastern District of New York. Although the parties have filed separate papers with regard to the Boies/Gravante plaintiffs on the one hand and the Malley's plaintiffs on the other, the papers present virtually identical issues of law and fact for the purpose of the parties' motions to transfer. Therefore, in the interests of judicial economy, the court considers the motions together and our holding applies equally to both.

## DISCUSSION

As a preliminary matter, the court notes that the parties dispute the effect of *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 140 L. Ed. 2d 62, 118 S. Ct. 956 (1998), on the motions to transfer currently before the court. In Lexecon, the Supreme Court held that [HN1] a district court to which cases have been transferred pursuant to 28 U.S.C. § 1407 for pretrial proceedings cannot, after conclusion of the pretrial proceedings, [*5] transfer the case to itself for trial under § 1404(a). *Lexecon*, 523 U.S. at 26. Because the cases at issue here were originally filed in this district, the rule espoused in Lexecon does not bar this court from considering the present § 1404(a) motion. Following the remand of cases transferred to a single transferee court pursuant to an MDL Panel's order, individual cases may be transferred by the originating courts. See *Shah v. Pan Am. World Services, Inc.*, 148 F.3d 84, 91 (2nd Cir. 1998) (quoting *Lexecon*, 118 S. Ct. at 964); *Varnado v. Danek Med, Inc.*, 1998 U.S. Dist. LEXIS 13168, 1998 WL 524896 (E.D.La. Aug. 19, 1998). Accordingly, the court turns to its § 1404(a) analysis.

[HN2] Under § 1404(a), a District Court may, for the convenience of the parties and the witnesses and in the interest of justice, transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). It is well-established that a decision to transfer a case is committed to the district court's sound discretion. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989); [*6] *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A case may be transferred pursuant to § 1404(a) if the movant meets his burden of showing that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Symons Corp. v. Southern Forming and Supply, Inc.*, 954 F. Supp. 184, 186 (N.D.Ill. 1997). These factors are not rigid, but rather "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the facts of each case." *Coffey*, 796 F.2d at 220 n. 3.

The first factor is met in this case. The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of New York. Because venue is proper in either district, the court turns to the second factor.

The second factor is whether the transfer is being made for the convenience of the parties and the witnesses. [HN3] In analyzing the convenience of the witnesses, the court must evaluate a number of factors, such as: (1) the number of witnesses located in each district; (2) the [*7] relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of unwilling witnesses; (4) the cost of obtaining the attendance of witnesses; and (5) the situs of material events. See *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 483 (1987); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill. 1985). The convenience of the witnesses is often viewed as the most important factor to be considered. See *First Health Group, Corp. v. Sanderson Farms, Inc.*, 2000 U.S. Dist. LEXIS 965, 2000 WL 139474, at *3 (N.D. Ill. Jan. 31, 2000); *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998); *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989).

Plaintiffs argue that the Eastern District of New York is the most convenient location for both the parties and the witnesses. The court first considers ease of the parties. The individual plaintiffs themselves are scattered throughout the country, and therefore their locations do not contribute to this analysis. The defendants' locations, on the other hand, make a significant contribution [*8] to this analysis. Virtually all of the manufacturer defendants have corporate headquarters or principal places of business in the New York metropolitan area. Furthermore, the majority of the law firms representing defendants have offices in New York and both law firms serving as co-lead national counsel for the Boies/Gravante plaintiffs have offices in New York. Thus, consideration of the parties' locations militates in favor of transfer.

Consideration of the potential witnesses similarly supports transfer. Potential witnesses include key executives and current and former employees of defendant manufacturers. Employees of co-coconspirators and third-party witnesses will also be called to testify. Specifically, some of these witnesses include individuals from: IMS Health; Prudential Life Insurance Company of America; Managed Health Care Associates; Medco Containment Services, Inc.; and William Steere, a former Chief Executive Officer of defendant Pfizer, Inc. A number of these and other potential witnesses are located in or near an area in New Jersey that contains such a

Case 1:06-cv-01634-RCL     Document 44-4     Filed 01/16/2007     Page 5 of 6

Page 4

2002 U.S. Dist. LEXIS 759, *; 2002-1 Trade Cas. (CCH) P73,603

concentration of the pharmaceutical industry it is known as the "pharmaceutical corridor." The "pharmaceutical corridor" [*9] is within the Eastern District of New York's 100 mile subpoena power. [HN4] Fed. R. Civ. Pro 45(b)(2) ("a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the...trial...."). Many of those witnesses not located in the "pharmaceutical corridor" are located in other areas within the Eastern District of New York's 100 mile subpoena power. Accordingly, plaintiffs argue that compulsory process of more witnesses may be obtained if the cases are tried in the Eastern District of New York rather than in this, or any other, District.

Defendants counter that plaintiffs have not shown that transfer would be more convenient for the parties and the witnesses because plaintiffs have not set forth with specificity what witnesses they will call and the nature of those witnesses' testimony. The court disagrees. Plaintiffs have sufficiently identified their potential witnesses and have sufficiently explained the nature of the witnesses' testimony. The defendants in the Malley's plaintiffs' cases further argue that they are willing to agree to bring any potential witnesses under their control [*10] to Chicago and thus ease the burden of these witnesses in coming here. This offer, however, does not extend to the many witnesses who are not within their control, such as third party witnesses, witnesses employed by alleged co-conspirators, or former employees. On balance, the court finds that trying these cases in the Eastern District of New York would be more convenient for the parties and the witnesses than trying them in this District.

[HN5] The third factor the court must consider is whether the transfer is in the interest of justice. To make this determination, the court must analyze: (1) the relation of the community to the issue of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets. *Carter v. Clark Material Handling Co.*, 1998 U.S. Dist. LEXIS 2167, 1998 WL 89244, at *3; *Hughes v. Cargill, Inc.*, 1994 U.S. Dist. LEXIS 4827, 1994 WL 142994, at *2 (N.D. Ill. 1994). When considering this third factor, the court grants considerable weight to the plaintiff's choice of forum. See *Avesta Sheffield, Inc. v. Olympic Cont'l Res.*, 2000 U.S. Dist. LEXIS 1670, at *17 (N.D. Ill. Feb. 14, 2000); *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). [*11] In addition, the administration of justice is better served when "the action is litigated in the forum that is 'closer to the action.'" *Carillo v. Darden*, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998).

Plaintiffs contend that the interest of justice would be served by transferring the cases. Plaintiffs argue that the relative proximity of the parties, witnesses, counsel, and the pharmaceutical industry to the Eastern District of New York make that District "closer to the action." Plaintiffs further explain that they wish to transfer all of their cases to the Eastern District of New York for one efficient, consolidated trial. The Boies/Gravante plaintiffs already have a number of cases pending in the Eastern District of New York. Although the Malley's plaintiffs do not have any cases currently pending in the Eastern District of New York, they too wish to ultimately transfer all of their cases to that District so that they may continue their joint efforts with the Boies/Gravante plaintiffs.

The plaintiffs contend that it is in the interest of justice and judicial economy that they be allowed to pursue their joint efforts in these cases. The Boies/Gravante plaintiffs and [*12] the Malley's plaintiffs have pursued their respective Sherman Act claims jointly for many years. The two opt-out groups have shared common expenses, the labor of discovery, legal research, motion practice and all manner of pre-trial preparation. They also share a document depository, deposition transcripts and abstracts, and legal theories. Each group will rely on overlapping witnesses, documents, and evidence to establish their case. Although the Malley's plaintiffs have settled with more defendants than the Boies/Gravante plaintiffs, all the remaining Malley's defendants are active defendants in the Boies/Gravante plaintiff group. Moreover, all these defendants are already defendants in the Boies/Gravante cases currently on file in the Eastern District of New York. By consolidating their cases in the location that is most convenient for the parties and the witnesses, the plaintiffs argue that all the parties will avoid the duplication of time and expense that would inevitably result if the cases were tried in multiple forums. The plaintiffs present persuasive arguments explaining why transferring the cases would be in the interest of justice.

Conversely, the defendants' arguments [*13] that transferring the case is not in the interest of justice are not persuasive. Much of defendants' opposition to transfer stems from the fact that this court served as the MDL transferee court. First, defendants argue that the interest of justice would be better served if this court retains these cases because this court's extensive history and experience during the pre-trial phase of these cases will facilitate further proceedings. That this court has more experience with all of the MDL 997 cases than any other court at this stage of this complex litigation is obvious. Yet this court's familiarity with the cases up until this point does not dictate that it must hold on to the cases until their completion. Such a result is contrary to the requirement that the MDL Panel remand cases that had been transferred for consolidated pre-trial proceedings

Case 1:06-cv-01634-RCL   Document 44-4   Filed 01/16/2007   Page 6 of 6

Page 5

2002 U.S. Dist. LEXIS 759, *; 2002-1 Trade Cas. (CCH) P73,603

once those proceedings were completed. *Lexecon,* 523 U.S. at 26; 28 U.S.C. 1407. This court's role as MDL transferee was to oversee coordinated or consolidated pretrial proceedings. The court's obligations as the MDL transferee court have now been fulfilled. The court has no doubt the courts that subsequently [*14] preside over these cases will do so judiciously and competently.

Second, defendants argue that the fact that the MDL Panel chose this court as the center for pretrial proceedings indicates that this court is the best location for the instant cases. Too much is made of the MDL Panel's decision. The MDL Panel had to decide the best location for all the MDL 997 cases, not just the cases presently before this court. The considerations and the facts before the MDL Panel at that time were different than the considerations currently before this court. Thus, the MDL Panel's choice of this District as the center of pretrial proceedings does not necessarily mean this District is the best location for the trial(s) of the individual opt-out cases.

Third, the defendants make certain arguments based on facts related to the Class case tried before this court. Such arguments are irrelevant here. The Boies/Gravante plaintiffs and the Malley's plaintiffs opted out of the Class. As such, they are entitled to try their cases in the manner they wish, and the manner in which they choose to try their cases may differ from the methods chosen by the Class plaintiffs.

In sum, the court finds that the plaintiffs [*15] have shown that the convenience of the parties and witnesses and the interest of justice will be furthered by transferring their cases to the Eastern District of New York. Conversely, the defendants have failed to show they would be prejudiced if their cases are transferred to the Eastern District of New York. Accordingly, the court concludes that the cases should be transferred.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion to transfer their cases to the Eastern District of New York is granted.

Charles P. Kocoras

United States District Judge

Dated: JAN 17 2002