**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NICOLE EMILY YANKELOVICH MORDECAI and DAVID MORDECAI,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **vs.** ) ) | **Civil Action No.: 06-1634 (RCL)** |
| **ELI LILLY AND COMPANY, et al.,** ) ) | |
| **Defendants.** ) ) ) ) | |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
PARTIAL CONSENT MOTION TO TRANSFER TO THE EASTERN DISTRICT
OF NEW YORK AND IN SUPPORT OF DEFENDANT ELI LILLY AND
COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

Plaintiff, a Massachusetts resident, filed this product liability action in the District of Columbia even though this case – where plaintiff alleges injuries as a result of her alleged exposure to a synthetic estrogen, diethylstilbestrol ("DES") during her mother's 1959-1960 pregnancy with her in New York – has no connection to the District of Columbia. After choosing to file her case in the District of Columbia, plaintiff now seeks to transfer this action to the United States District Court for the Eastern District of New York.

Since this case has no connection to the District of Columbia, transfer is proper, but the court should transfer this case to the United States District Court for the District of Massachusetts, rather than to the United States District Court for the Eastern District of New York. First, plaintiff's actions in initially selecting the District of Columbia and then seeking to transfer her case to the Eastern District of New York are improper and indicative of forum

shopping.   Second, in this particular case, despite plaintiff's allegations of exposure to DES

while in New York and her argument that her mother still resides there, Massachusetts is a more

proper forum than New York because plaintiff is a Massachusetts resident and all but one of

plaintiff's treating doctors are in Massachusetts.   Because the District of Massachusetts is the

proper forum for this case, the court should deny plaintiff's Motion to Transfer to the Eastern

District of New York and instead transfer this action to the District of Massachusetts.

## I.   PLAINTIFF'S CHOICES OF FORUM ARE ENTITLED TO LITTLE DEFERENCE

Plaintiff initially chose to sue in the District of Columbia, a forum that she now

admits has little factual nexus with her claims.   *See* Plaintiff's Motion to Transfer, at 2 ("This

cause has no contacts with the District of Columbia, other than that the Defendants conduct or

have conducted significant business here"[1] and "[n]o witnesses reside within the District of

Columbia.").   In the absence of a factual nexus, plaintiff's choice of forum carries little weight.

As this Court wrote in *Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at

*2 (D.D.C. Jan. 10, 1989):

> While the plaintiff's choice of forum is generally entitled to
> deference, where the forum choice has no factual nexus with the
> lawsuit, plaintiffs' choice of forum may be accorded less weight in
> a section 1404(a) analysis....In fact, the presumption may switch

---

[1] To the extent that plaintiff claims a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.*, No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, in *Thompson, Abramson*, and *Lentz*, this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at p. 4 n.6; Attachment C to Exhibit 1, at p. 4 (rejecting the argument that "the District of Columbia was the 'place of the industry approval efforts' and [plaintiff's] suggest[ion] that an 'army' of DES lobbyists and salespeople who may be potential witnesses reside within this Court's subpoena power."). In both *Thompson* and *Abramson*, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3.

2

> to Defendant's favor when neither party resides in the chosen
> forum and the cause of action arises elsewhere.

*Id.* (citations and internal quotations omitted).  In *McClamrock v. Eli Lilly and Company*, 267 F.

Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume"

that because she chose the District of Columbia as the jurisdiction in which to file suit, her

choice of venue will not be disturbed.  "[P]laintiff's choice of forum is not accorded substantial

deference where the plaintiff's choice of forum has 'no meaningful ties to the controversy and no

particular interest in the parties or the subject matter.'"  *Id.  See also Trout Unlimited v. United

States Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996) ("[D]eference to the plaintiff's

choice of forum...is mitigated...[and] the showing defendants must make is lessened when the

plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the

forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is

connected to that state.") (citations and internal quotations omitted).  That a plaintiff's choice of

forum is not entitled to substantial deference where the case has little connection to the chosen

forum has been recognized by this Court in granting Lilly's motions to transfer other DES cases.

*See Thompson v. Eli Lilly and Company,* Civil Action No. 03-CV-00122 (D.D.C. June 23, 2003)

(Walton, J.) **Attachment A** to Affidavit of Emily J. Laird in Support of Defendant Eli Lilly and

Company's Motion to Transfer, attached as **Exhibit 1**, p. 2 (refusing to give deference to

plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts

and circumstances of the case); *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-

2541 (D.D.C. Oct. 25, 2004) (Bates, J.) **Attachment B** to Exhibit 1, pp. 2-3 (same); *Lentz v. Eli

Lilly and Company*, Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.)

**Attachment C** to Exhibit 1, p. 5 (same).

Courts give even less deference when plaintiffs choose a forum in which they do not reside. *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (holding that "[a]lthough the court gives 'deference to the plaintiff's choice, it need give substantially less deference when the forum preferred by plaintiff is not his home forum.'"); *Boers v. U.S.*, 133 F. Supp.2d 64, 65 (D.D.C. 2001) (same). *See also Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983) (holding that a defendant's burden to demonstrate that transfer under § 1404 is proper is "substantially diminished" when transfer is sought to the forum where plaintiffs reside). That a plaintiff's choice of forum is not entitled to substantial deference where the plaintiff does not reside in the forum has been recognized by this Court in granting Lilly's motions to transfer other DES cases. *See Lentz*, Attachment C to Exhibit 1, p. 5 (holding that, since "[t]he District of Columbia's ties to this case are minimal, while [the transferee district's] interests are considerable," "[t]he plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer"); *Abramson*, Attachment B to Exhibit 1, p. 2.

The fact that plaintiff now seeks to transfer her case to a second forum, the Eastern District of New York, is likewise entitled to little deference. *See generally Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, *2 (N.D. Cal. Sept. 28, 2006) (holding that "there can be no presumption of deference for the plaintiff's second choice of forum in her motion to transfer, pursuant to 28 U.S.C. 1404(a)"). Courts hesitate to grant plaintiffs' motions to transfer cases from the forum the plaintiffs originally selected to yet another forum on grounds of gamesmanship and forum shopping. *See Tiffany*, 2006 WL 2792868, at *2 (plaintiffs' actions of initially filing a suits in one jurisdiction, only to later move to transfer the case to yet another forum, were indicative of "forum shopping"). Here, plaintiff initially filed in the District of

4

Columbia, presumably to take advantage of the District of Columbia's advantageous statute of limitation. Her attempt to now transfer this case to the Eastern District of New York is indicative of improper forum shopping. As such, the court should award this second choice of forum even less deference than plaintiff's original choice of forum. *See generally id.*

Furthermore, as with the District of Columbia, the Eastern District of New York is not where plaintiff resides and accordingly, deserves little deference. *See Brannen*, 403 F. Supp. 2d at 93; *Boers*, 133 F. Supp.2d at 65; *Dole*, 561 F. Supp. at 1239. Additionally, for reasons detailed below, though this case has some connection to the Eastern District of New York, it has a greater connection to the District of Massachusetts and should be transferred there instead.

## II.    THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MASSACHUSETTS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the transferor district and the cause of action; and where the interests of justice would be served by transfer. *See* 28 U.S.C. § 1404(a).

In *Thompson*, this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and

the transferee forum, the District of New Jersey. The Court noted: "While it is significant that New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." *See* Attachment A to Exhibit 1. *See also Abramson*, Attachment B to Exhibit 1 (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate); *Lentz*, Attachment C to Exhibit 1 (holding that Lilly's contacts in the District of Columbia "do not tip the balance in favor of maintaining this case in the District of Columbia, particularly when compared with the nucleus of facts, witnesses, and documents located" in another jurisdiction).

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was allegedly exposed to DES, but were spread throughout the country. *See* Attachment A to Exhibit 1. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. *See* Attachment B to Exhibit 1, p. 4. Furthermore, this Court has recently granted Lilly's Motion to Transfer another DES case to the District of Massachusetts. *See Corbett v. Eli Lilly and Company*, Civil Action No. 05-CV-01584 (D.D.C. June 6, 2006) (Robertson, J.) **Attachment D** to Exhibit 1.

As even plaintiff admits, this case has no connection to the District of Columbia for purposes of the transfer analysis under § 1404(a).[2]  While this case has some connection to the Eastern District of New York, it has a stronger connection to the District of Massachusetts where plaintiff and crucial fact witnesses reside.[3]  Accordingly, the court should transfer this action to the District of Massachusetts.

### A.     This Action "Might Have Been Brought" Originally In The United States District Court For The District of Massachusetts

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance.  28 U.S.C. § 1404(a).  Plaintiff could have brought this action originally in the District of Massachusetts.  Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  Here, plaintiff resides in Massachusetts.  *See* Plaintiff's Responses to Defendants' Amended Uniform Preliminary Requests for Information, No. 1, attached as **Exhibit 2**. Furthermore, all but one[4] of plaintiff's treating physicians, who allegedly diagnosed and treated plaintiff's alleged injuries, are also located in Massachusetts.  *See* Exhibit 2, No. 31.

---

[2]     Indeed, plaintiff agrees that "[t]his cause has no contacts with the District of Columbia, other than that the Defendants conduct or have conducted significant business here" and that "[n]o witnesses reside within the District of Columbia."  *See* Plaintiff's Motion to Transfer, at 2.

[3]     This court has recently noted that the fact that the subpoena power of the transferee court reaches the non-party witnesses is a factor weighing in favor of transfer.  *See Lentz*, Attachment C to Exhibit 1, p. 3.

[4]     Notably, plaintiff's sole physician who does not practice in Massachusetts is located in New York, *not* in the District of Columbia.  *See* Plaintiff's Responses to Defendants' Amended Uniform Preliminary Requests for Information, attached as Exhibit 2, No. 31.

Additionally, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[5] Plaintiff resides in and is domiciled in Massachusetts; Lilly is incorporated and has its principal place of business in Indiana. Further, to the extent permitted by the United States Constitution, Massachusetts' long-arm statute reaches torts the alleged consequences of which occur within the state of Massachusetts. *See* M.G.L.A. 223A § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to venue and subject matter and personal jurisdiction.

**B.     The District of Massachusetts Is Far More Convenient Than The District Of Columbia And The Eastern District of New York For The Witnesses Likely To Be Called To Testify At Trial**

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere).

There are several major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining medical records. One issue concerns the nature and extent of plaintiff's alleged injuries and the causes of her alleged injuries. As confirmed by Plaintiff's Answers to Defendants' Amended Uniform

---

[5] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

136500v2

Preliminary Requests for Information, the majority of the potential witnesses and sources of proof concerning the injuries alleged in this case are located in the District of Massachusetts. Plaintiff's case depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiff, all but one of whom[6] are in Massachusetts.  *See* Exhibit 2, Nos. 7, 9, 10, and 13.   None of the physicians whom plaintiff identifies as having treated her alleged injuries are located in the District of Columbia; only one of these physicians is located in the Eastern District of New York. *See id.*

Additionally, courts consider the convenience of witnesses under a section 1404 analysis "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Brannen*, 403 F. Supp. 2d at 94.  Though plaintiff argues in her Motion to Transfer that plaintiff's mother, an octogenarian, will be inconvenienced by traveling from New York to depositions and trial, plaintiff never asserts that her mother will actually be unavailable for trial anywhere other than New York.   Conversely, plaintiff's counsel cannot guarantee the cooperation of non-parties over whom plaintiff's counsel has no control.  In fact, it is more likely that plaintiff's mother will voluntarily appear to testify in support of her daughter's case sans a subpoena than any of plaintiff's treating doctors, who are likely to be less willing to testify at depositions and trial than plaintiff's own mother.  Accordingly, the ability of the District of Massachusetts to subpoena plaintiff's treating doctors is a more important consideration in this case than the ability of the Eastern District of New York to secure the appearance of plaintiff's mother.

In sum, Lilly is not aware of a single fact witness who resides in the District of Columbia and few fact witnesses residing in the Eastern District of New York.  Yet, plaintiff,

---

[6]      *See  supra*, note 2.

plaintiff's husband, and the majority of plaintiff's treating physicians are in the District of Massachusetts. Thus, when considering the convenience of the witnesses as a whole, the District of Massachusetts is the most convenient forum for this litigation.

C.     **Transferring This Action To The United States District Court For The District of Massachusetts Is In The Interests Of Justice**

Lastly, the interests of justice dictate that this action be transferred to the District of Massachusetts. The Court of Appeals for this Circuit held in *Pain v. United Tech. Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

Though plaintiff was allegedly exposed to DES in New York, the interests of justice dictate transfer of this case to Massachusetts. The state of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and effectively. Additionally, it is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum. As Judge Walton noted in *Thompson*, the District of Columbia's court calendar is "quite congested" and there is no reason that the District of Massachusetts cannot adequately resolve this case. *See* Attachment A to Exhibit 1, p. 4 n.4. Similarly, in *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case." Attachment B to Exhibit 1, pp. 4-5. As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the

10

District of Columbia that, for the convenience of the parties and in the interest of justice, should be transferred. *See also Thompson*, Attachment A to Exhibit 1, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer). Similarly, plaintiff's assertion that Judge Weinstein of the Eastern District of New York has tried many DES cases is not a sufficient reason to burden the resources of the Eastern District of New York with a case that has greater connections to the District of Massachusetts.

## CONCLUSION

Plaintiff initially filed suit in the District of Columbia, a forum she has admitted has little connection to her claims. Plaintiff now improperly seeks to transfer to yet another jurisdiction, the Eastern District of New York, an action indicative of forum shopping.

This case has a substantial connection to the District of Massachusetts. Plaintiff does not reside in the District of Columbia or the Eastern District of New York. None of the events concerning plaintiff's alleged injuries as a result of *in utero* exposure to DES are alleged to have occurred in the District of Columbia, plaintiff's original choice of forum. Few fact witnesses in this case are subject to the subpoena power of the Eastern District of New York, plaintiff's second choice of forum. In contrast, plaintiff resides in Massachusetts, was treated for her alleged DES-related injuries there, and the majority of her treating doctors reside in there. Therefore, this case has a greater connection to the District of Massachusetts than either the District of Columbia or the Eastern District of New York.

The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Massachusetts. Accordingly, Lilly respectfully requests the Court to deny plaintiff's motion to transfer this action to the Eastern District of New York and

136500v2

instead transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,


/s/ Emily J. Laird_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

136500v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of January, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**/s/ Emily J. Laird**
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

13

136500v2