# Attachment B

### To
### Affidavit of Emily J. Laird in Support of
### Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Nicole Mordecai v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1634

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

VALERIE ABRAMSON, et al.,

    Plaintiffs,

      v.

ELI LILLY AND COMPANY,

    Defendant.

Civil Action No. 03-2541 (JDB)

## MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of many currently pending in this Court. Following initial discovery, defendant has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which defendant submits is a more convenient forum.[1] The Court agrees based on the specific facts of this case.

## FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion. Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents. Ms. Abramson's gynecologist during the relevant 1988 to 2001 period practices in New Jersey. The other relevant physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside in New York (well within the subpoena power of the District of New Jersey pursuant to

---

[1] Briefing on the motion was completed on August 31, 2004.

-1-

Fed.R.Civ.P. 45(b)(2)). No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court. None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia. As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago. Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims. Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly. Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted. See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno,

---

[2] See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3] There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

-2-

454 U.S. 235, 255-56 (1981); <u>Boers v. United States</u>, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other hand, defendant has engaged in some lobbying and other efforts related to DES in the District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for DES claims.[4]  Although it does not appear likely that the District Judges of this Court have developed much real expertise in the substance of these DES cases, certainly Magistrate Judge Kay has considerable experience in the settlement context.  Finally, it is undisputed that plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in handling this type of litigation, and that those counsel have cooperated in other DES cases in the District of Columbia with respect to making witnesses and documents (including medical records) readily available.  These relevant factors, taken together,  do not weigh clearly in favor of transfer to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor under section 1404(a).  Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses." <u>Chung v. Chrysler Corp.</u>, 903 F. Supp. 160, 164 (D.D.C. 1996).  The ease of access to sources of proof, the expenses for willing witnesses, and whether the claim arose elsewhere are all important considerations in this assessment.  <u>See</u> <u>Trout Unlimited v. United States Dep't of Agriculture</u>, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

---

[4]  Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping.  Defendant has explained, however, that the choice of forum there was based in part on the need to accommodate travelers from around the globe.

accessed in New Jersey than in the District of Columbia -- plaintiffs, Ms. Abramson's parents, her gynecologist, and other treating physicians. No fact witness appears to be located in or close to the District of Columbia. The subpoena power of the New Jersey court reaches all those witnesses, while this Court's subpoena power does not.[5] The relevant medical records are also more readily obtained in New Jersey from the various physicians. Nor, quite obviously, did the claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses -- the District of New Jersey. Moreover, that is the forum where most of the operative facts occurred, although some also apparently occurred in other states but not in the District of Columbia.[6] It is simply beyond cavil that transfer to the District of New Jersey will be considerably more convenient (and less expensive) for the witnesses. Importantly, that will also enable the relevant witnesses to be compelled to testify because they will be within the subpoena power of that court, which is not the case were the action to remain in this Court. Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

_____

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

-4-

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted.  A separate order will be issued.


/s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated: October 25, 2004

---

[7] Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister.  The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

-5-

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax:  (904) 346-4275
E-mail: pmslaw1@aol.com
*Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax:  (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210-2600
(617) 832-1000
Fax:  (617) 832-7000
E-mail:  jdillon@foleyhoag.com
*Counsel for defendant*

-6-