# Attachment C

## To
## Affidavit of Emily J. Laird in Support of
## Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Nicole Mordecai v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1634

Case 1:06-cv-01375-EGS-AK  Document 15-5  Filed 12/19/2006  Page 20 of 28
Case 1:06-cv-01634-RCL  Document 45-6  Filed 01/30/2007  Page 2 of 7
Case 1:06-cv-01374-ESH-AK  Document 21  Filed 12/18/2006  Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN ANNE LENTZ and<br>GERALD A. LENTZ, Jr.<br><br>          Plaintiffs,<br><br>     v.<br><br>ELI LILLY AND COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-1374 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Karen Anne and Gerald Lentz, who reside in Maine, filed this action in the Superior Court for the District of Columbia for injuries associated with Mrs. Lentz's *in utero* exposure to diethylstilbestrol ("DES"). Defendant Eli Lilly, an Indiana corporation, removed the suit to this Court on the basis of diversity jurisdiction, and now moves to transfer it to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1404(a). Defendant argues that transfer to the District of Maine would serve the interests of justice and the convenience of the parties because the purchase and ingestion of DES by Mrs. Lentz's mother occurred in Maine, and the relevant medical records, as well as the key fact witnesses -- including Mrs. Lentz's mother, the doctor who prescribed DES to Mrs. Lentz's mother, and the doctors who diagnosed and treated Mrs. Lentz's alleged injuries -- are all located in Maine. (Def. Mot. at 1-2.) Plaintiffs state that they will voluntarily produce the relevant medical records and make the fact witnesses available for deposition so their live testimony will not be necessary. They also argue, *inter alia*, that the District of Columbia is the more convenient forum for the many expert witnesses that are likely to testify in this case, that it is the site of the "original

Case 1:06-cv-01375-EGS-AK   Document 15-5   Filed 12/19/2006   Page 21 of 28
Case 1:06-cv-01634-RCL-AK   Document 45-6   Filed 01/30/2007   Page 3 of 7
Case 1:06-cv-01374-ESH-AK   Document 21   Filed 12/18/2006   Page 2 of 6

industry-wide promotion of DES," and that the interpretation of the District of Columbia's statute of limitations will be a central issue in the case. Finally, they assert that their choice of forum is entitled to deference. (Pl. Opp. at 1-6.)

The determination of whether an action should be transferred "is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," and grants the district court discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks omitted). As both parties point out, there have been numerous transfer motions in DES cases before this Court over the years. Consistent with the fact-specific approach required for deciding motions to transfer under Section 1404(a), the disposition of these cases has varied according to the particular facts present in the case.

To succeed on a motion to transfer, defendant must first establish that the action could have been brought in the proposed transferee district, *i.e.*, the District of Maine. *DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Second, it must "demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in their favor." *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983). It is undisputed that this action could have been brought in the District of Maine. Therefore, it is only the second inquiry that requires examination.

-2-

Case 1:06-cv-01375-EGS-AK   Document 15-5   Filed 12/19/2006   Page 22 of 28
Case 1:06-cv-01634-RCL-AK   Document 45-6   Filed 01/30/2007   Page 4 of 7
Case 1:06-cv-01374-ESH-AK   Document 21   Filed 12/18/2006   Page 3 of 6

In evaluating a motion to transfer pursuant to Section 1404(a), a court must weigh a number of private and public interest factors. *See Reiffin*, 104 F. Supp. 2d at 51-52. The relevant private interest factors include, but are not limited to: (1) plaintiffs' privilege of choosing the forum; (2) defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof. Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *See Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (citing *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).

Applying these factors here, the Court finds that they weigh in favor of transfer to the District of Maine. Plaintiff does not dispute defendant's assertion that all of the fact witnesses who have been identified date, as well as both plaintiffs, reside in Maine. The subpoena power of the Maine court reaches all of those potential non-party witnesses, while this Court's does not. Plaintiffs' argument that the District of Columbia is more convenient for the likely expert witnesses is unavailing in comparison. While these potential expert witnesses, who by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so, are spread out across many states (*see* Pl. Opp. at 5), one single state -- Maine -- is apparently home to all essential fact witnesses. The relevant medical records are also located in Maine. Therefore, convenience of the witnesses and ease of access to the sources of proof both weigh in favor of transfer.

-3-

Case 1:06-cv-01375-EGS-AK   Document 15-5   Filed 12/19/2006   Page 23 of 28
Case 1:06-cv-01634-RCL   Document 45-6   Filed 01/30/2007   Page 5 of 7
Case 1:06-cv-01374-ESH-AK   Document 21   Filed 12/18/2006   Page 4 of 6

Maine, the site of the alleged prescription, purchase, and ingestion of DES by Mrs. Lentz's mother, is also the location where plaintiffs' specific claim arose, which further weighs in favor of transfer. Plaintiffs argue that the District of Columbia was the "place of the industry approval efforts for DES" and suggest, without identifying any, that an "army" of DES lobbyists and salespeople who may be potential witnesses reside within this Court's subpoena power. (Pl. Opp. at 6.) However, as Judge Walton noted in another recent DES case, these contacts, which are not directly related to this particular case, do not tip the balance in favor of maintaining this case in the District of Columbia, particularly when compared to the nucleus of facts, witnesses, and documents located in Maine. *See Thompson v. Eli Lilly*, No. 03-122, at 5 (D.D.C. June 27, 2003).

In addition to the private interest factors that decidedly weigh in favor of transfer, the public interest factors also favor transfer. Though the issue has not been decided, it appears that while the D.C. statute of limitations may apply, Maine substantive law will govern this case.[1] And as numerous courts have recognized, the "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996); *see Trout*, 944 F. Supp. at 19. Similarly, Maine has a greater interest than the District of Columbia in adjudicating the personal injury claims of Maine citizens under its own tort law. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).

---

[1] The relevant factors to be considered in the District of Columbia's choice of law analysis would seem to favor the application of Maine substantive law in this case. *See Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.D.C. 1997); *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002).

-4-

Case 1:06-cv-01375-EGS-AK   Document 15-5   Filed 12/19/2006   Page 24 of 28
Case 1:06-cv-01634-RCL   Document 45-5   Filed 01/30/2007   Page 6 of 7
Case 1:06-cv-01374-ESH-AK   Document 21   Filed 12/18/2006   Page 5 of 6

In contrast, the sole factor that weighs against transfer is the plaintiffs' choice of forum. Ordinarily, a plaintiff's choice of forum is entitled to considerable deference. *See Piper Aircraft*, 454 U.S. at 255; *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991). However, that deference is minimized where "the plaintiffs' choice of forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter,"and "the defendant['s] burden in a motion to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties." *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001) (internal quotation marks and citations omitted); *see Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 141-42 (D.D.C. 2004); *Airport Working Group*, 226 F. Supp. 2d at 230. The deference owed to plaintiffs' choice of forum is further diminished where "transfer is sought to the forum where plaintiffs reside." *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983); *see Payne v. Giant of Maryland, L.L.C.*, 2006 WL 1793303, at *4 (D.D.C. June 28, 2006); *Turner & Newall, P.L.C. v. Canadian Universal Ins. Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987) (noting that the presumption against disturbing plaintiff's choice of forum "may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere"). The District of Columbia's ties to this case are minimal, while Maine's interests are considerable, as the plaintiffs reside there, the injuries at issue occurred in Maine, and the doctors who prescribed DES to Mrs. Lentz's mother practiced in Maine. The plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer.

Case 1:06-cv-01375-EGS-AK   Document 15-5   Filed 12/19/2006   Page 25 of 28
Case 1:06-cv-01634-RCL   Document 45-6   Filed 01/30/2007   Page 7 of 7
Case 1:06-cv-01374-ESH-AK   Document 21   Filed 12/18/2006   Page 6 of 6

Accordingly, it is hereby **ORDERED** that defendant's motion to transfer [Dkt. # 17] is **GRANTED**. The Clerk of the Court is ordered to transfer this case to the United States District Court for the District of Maine.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 18, 2006

-6-