# Exhibit 2

To
Memorandum of Points and Authorities
in Support of Defendant Eli Lilly and Company's
Motion to Transfer to the District of Massachusetts

Filed in:
*Nicole Mordecai v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1634

136726v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE EMILY YANKELOVICH MORDECAI, et al.,** | ] |
| **Plaintiffs,** | ] |
| v. | ] Civil Action No. 1:06-cv-1634 (RCL) |
| **ELI LILLY AND COMPANY, et al.,** | ] |
| **Defendants.** | ] |

**PLAINTIFF NICOLE MORDECAI'S
RESPONSES TO DEFENDANTS' AMENDED UNIFORM PRELIMINARY
REQUESTS FOR INFORMATION**

I.  GENERAL AS TO EACH PLAINTIFF

   1.   State the full name, address, social security number, and date and place of birth of each plaintiff.

**RESPONSE:**

   a.   Nicole Mordecai;

   b.   Address: 135 Conant Road, Weston, MA 02493;

   c.   SSN: 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;

   d.   DOB: 4/7/60; and

   e.   Place of Birth: New York City Doctors Hospital, New York, NY.

   2.   Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

**RESPONSE:**   Nicole Mordecai.

   3.   State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person. Identify any deceased parent, the date, place, and cause of death.

**RESPONSE:**

   a.   Mother: Hasmieg Yankelovich; Address: 14 East 75th Street, New York, NY

    10021; SSN: 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; and

  b. Father: Daniel Yankelovich; Address: 1855 Spindrift Drive, La Jolla, CA 92037; SSN: 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.

 4. State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:** <u>Prior addresses for Plaintiff Nicole Mordecai</u>:

  a. 25 East 86th Street
   New York, NY 10028
   (1960 - 1965; with parents)

  b. 14 East 75th Street
   New York, NY 10021
   (1965 - 1978; with parents)

  c. Brown University Dormitories
   Providence, RI
   (1978 - 1980; with various roommates)

  d. Brown University Off-Campus Housing
   Brook Street
   Providence, RI
   (1980 - 1985; with various housemates)

  e. 29 11th Street
   Providence, RI 02906
   (1986 - 1989; alone)

  f. 29 11th Street
   Providence, RI 02906
   (1989 - 1991; with first husband Bernard Haan)

  g. 135 Conant Road
   Weston, MA 02493
   (1992 - 1995; alone)

   <u>Prior addresses for Hasmieg Yankelovich</u>:

  a. 25 East 86th Street
   New York, NY 10028
   (1959 - 1965; with husband Daniel Yankelovich and daughter Nicole Yankelovich)

II.   **AS TO ALLEGATIONS OF INGESTION**

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5.   State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:**   Plaintiff's mother recalls filling her DES prescription at a pharmacy located in New York City. Plaintiff reserves the right to supplement this response as discovery progresses.

6.   If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:**   Zitomer Pharmacy, 969 Madison Avenue, New York, NY.

7.   Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:**   Product identification is still under investigation and has not been finally concluded. Plaintiff reserves the right to supplement this response as discovery progresses.

8.   State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:**   Diethylstilbestrol.

9.   Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage, and markings.

**RESPONSE:**   Pill form. Dosage unknown. Plaintiff reserves the right to supplement this response as discovery progresses.

10.   Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color, and size.

**RESPONSE:**   At this time, Plaintiff is unable to describe in detail the container and

packaging in which the DES was contained. Plaintiff reserves the right to supplement this response as discovery progresses.

11. Describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:** At this time, Plaintiff is unable to describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, and the locations and dates when any notations and writings were made thereon. Plaintiff reserves the right to supplement this response as discovery progresses.

12. State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person. Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:**    a.    Mortimer Speiser, M.D.; and

             b.    Last known address: 905 Fifth Avenue, New York, NY.

13. State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription. If so, identify the physician.

**RESPONSE:** Plaintiff's mother obtained the DES on the authorization of Dr. Speiser's prescription.

14. If a prescription for DES was received, identify all words, numerals, symbols, notations, and other markings appearing on the prescription.

**RESPONSE:** At this time, Plaintiff is unable to identify all words, numerals, symbols, notations, and other markings appearing on the prescription for DES.

15. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:** Early in pregnancy.

16. State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:** DES was prescribed to Plaintiff's mother for the prevention of miscarriage.

17. Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions. If available, attach copies thereof.

**RESPONSE:** Plaintiff's mother recalls taking DES everyday. Custodian and location of instructions unknown.

18. Identify each prescribing practitioner who authorized any respective prescription to be refilled and the date of each authorization.

**RESPONSE:** See Plaintiff's Response to Request Nos. 12 and 13.

19. State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:** See Plaintiff's Response to Request No. 15. Plaintiff's mother does not recall the number of times or exact dates that the prescription was refilled.

20. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:** DES was ingested by Plaintiff's mother throughout the pregnancy.

21. State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:** DES was obtained by Hasmieg Yankelovich.

22. State, both as to the prescription of DES, and the administration or ingestion of DES, the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:** See Plaintiff's Response to Request Nos. 9, 17, and 20.

23. State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner. If so, state:

(a) the name and last known address of the practitioner who prescribed the change;

(b) each date on which the change was carried out;

(c) the amount and frequency of dosage on each date; and

(d) the number of days of the changed regimen.

**RESPONSE:** Aside from taking DES daily, Plaintiff's mother does not recall whether the regimen was changed from that initially recommended by Dr. Speiser. Plaintiff reserves the right to supplement this response as discovery progresses.

24. Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person. For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration, and dates of such prescription, consumption and /or administration. Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:** None, other than DES.

25. State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person. Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:**

    a. New York City Doctors Hospital, New York, NY;

    b. Date of Hospitalization: April 1960; and

    c. Mortimer Speiser, M.D.

26. (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:** To the best of Plaintiff's knowledge, Plaintiff's mother has had six

pregnancies as follows:

    a.    Nicole Yankelovich, now Nicole Mordecai, born 4/7/60. Dr. Mortimer Speiser. New York City Doctors Hospital, New York, NY. DES prescribed during the pregnancy;

    b.    Miscarriage 2/17/61 at approximately 7 weeks' gestation. Dr. Mortimer Speiser;

    c.    Miscarriage 4/10/62 at approximately 10 weeks' gestation. Dr. Mortimer Speiser;

    d.    Miscarriage 12/6/62 at approximately 9 weeks' gestation. Dr. Mortimer Speiser;

    e.    Miscarriage 1963, requiring dilatation and curettage. Dr. Mortimer Speiser. New York City Doctors Hospital, New York, NY; and

    f.    Miscarriage 5/30/65 at approximately 19 weeks' gestation. Dr. Mortimer Speiser.

27. State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth and the circumstances under which plaintiff acquired this information. Provide copies of all documents that confirm the use of DES.

**RESPONSE:** Plaintiff learned from her mother in approximately 1979 that she was exposed to DES in utero. Attached hereto as Appendix No. 1 are copies of Plaintiff's medical records.

III.    <u>AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS</u>

With respect to any allegations in the Complaint that an exposed person has sustained injury as a result of exposure to DES, as to each such person, identified by name:

28. Describe each injury, whether physical or emotional, allegedly sustained and any treatment received therefor.

**RESPONSE:**

    a.    T-shaped uterus;

    b.    Primary infertility;

    c.    Anxiety and terror regarding future adverse pregnancy outcomes;

  d.  Anger and resentment that reproductive potential is damaged;

  e.  Depression; and

  f.  Relationship with spouse complicated by anger, resentment, and disappointment.

All of the aforementioned injuries have resulted in Plaintiff proceeding with adoption with its concomitant extraordinary expenses. Plaintiff reserves the right to supplement this response as discovery progresses.

29. As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:** Plaintiff was aware of her primary infertility at the time of infertility.

30. Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:** Plaintiff sought treatment for her primary infertility at the time of infertility.

31. Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:** Treating physicians were:

  a.  Samuel Pang, M.D., Reproductive Science Center, One Forbes Road, Lexington, MA 02421; and

  b.  Janis Fox, M.D., Center for Reproductive Medicine, Brigham and Women's Hospital, 75 Francis Street, Boston, MA 02115.

Additionally, the following have provided GYN consultation and/or examinations:

  a.  Leonard Wolf, M.D., 20 East 9th Street, New York, NY 10003;

  b.  Susan Blankenship, M.D., 482 Bedford Street, Lexington, MA 02420; and

  c.  Julie Rein, M.D., 45 Colpitts Road, Weston, MA 02493.

32. Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for

treatment of the injury.

**RESPONSE:**   See Plaintiff's Response to Request No. 31. Plaintiff is not aware of any pharmaceuticals beyond those listed in her medical records produced.

33.   Specify the dates when that person was confined to any hospital, treating facility, bed or house as a result of the said injury.

**RESPONSE:**   See Plaintiff's medical records attached hereto as Appendix No. 1.

34.   State which of the injuries, if any, you claim are permanent.

**RESPONSE:**   Plaintiff's reproductive tract and anatomic anomalies are permanent.

35.   Describe fully what further treatment, if any, will be required as a result of said injury.

**RESPONSE:**   See Plaintiff's Response to Request No. 34. In addition, see Plaintiff's medical records produced in response to these requests.

36.   State what activities, if any, each exposed person claims have been curtailed or ceased by virtue of exposure to DES, including physical, educational, and occupational activities.

**RESPONSE:**   Plaintiff's ability to conceive and/or carry a pregnancy to term has been greatly compromised due to her exposure to DES.

37.   Identify each exposed person who claims to have suffered or claims will suffer a loss of earnings as a result of the injuries alleged. As to each, state the total amount of the alleged loss. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**RESPONSE:**   Plaintiff is not making a claim for loss of earnings at this time. Plaintiff reserves the right to supplement this response as discovery progresses.

38.   Identify each exposed person who claims incapacitation from employment as a result of DES exposure alleged in this action. As to each, state the nature of such employment as of the dates of incapacitation; the job performed; the name and address of each employer; the salaries or wages earned; the dates of incapacitation; and the amount of compensation claimed not earned by reason of said incapacitation. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed and by whom.

**RESPONSE:**       Plaintiff is not making a claim for incapacitation from employment at this time. Plaintiff reserves the right to supplement this response as discovery progresses.

39. State separately the total amounts, if any, claimed by plaintiff as special damages for: services provided by any provider of diagnosis, treatment, care therapy, rehabilitation or otherwise including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers, and nurses; hospital services; and medical supplies. For all actions commenced on or after June 28, 1986, state whether payment has been made, the amounts and dates of each payment, amounts outstanding, who made the payments, reimbursements received for any payment made, and the source of the reimbursement.

**RESPONSE:**       A listing of Plaintiff's special damages will be provided upon receipt and compilation.

40. State whether it is claimed that the exposed person's ability to have children has been impaired. If so claimed, also state: any medical test performed to determine that person's fertility and that of his or her spouse; a description of the procedure; the name and address of the place where the test was administered; the name and address of the person who conducted the test; and the results of the test.

**RESPONSE:**       See Plaintiff's Response to Request No. 34. In addition, see Plaintiff's medical records produced in response to these requests.

41. Does the exposed person have any children? If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

**RESPONSE:**       Plaintiff has one adopted child as follows:

    a.    Rachel Ani Mordecai; DOB 6/2/98; adopted 7/10/98.

42. State the total number and dates of pregnancies which the exposed person has experienced or, if the exposed person is male, the pregnancies which he has fathered, whether or not such pregnancies led to the birth of a living child; describe any complications with each such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatments; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and identify all medical practitioners consulted in connection with each such pregnancy, stating their names and addresses.

**RESPONSE:**       Not applicable as Plaintiff has not been able to conceive.

IV. <u>AS TO ALLEGATIONS OF LIABILITY</u>

43. State whether the plaintiff alleges that any defendants: (i) were negligent, (ii) breached warranties, (iii) made fraudulent representations, (iv) engaged in misbranding or mislabeling, (v) failed to test or warn, and/or (vi) are strictly liable.

**RESPONSE:** Yes, all of the aforementioned.

44. Identify each plaintiff making such claim(s).

**RESPONSE:** Nicole Mordecai.

45. Identify each such defendant by name.

**RESPONSE:**
a. Abbott Laboratories, Inc.;

b. Bristol-Myers Squibb Company, a successor of E. R. Squibb & Sons, Inc.;

c. Dart Industries, Inc., a successor of Rexall Drug Company, Inc.;

d. Elan Pharmaceuticals, a successor of Carnrick Laboratories, Inc.;

e. Eli Lilly and Company;

f. GlaxoSmithKline, Inc., a successor of S. E. Massengill and Burroughs-Wellcome;

g. Mallinckrodt, Inc.;

h. Merck & Company, Inc.;

i. Ortho-McNeil Pharmaceutical, Inc.;

j. Person & Covey, Inc.;

k. Pharmacia and Upjohn Company (aka The Upjohn Company); and

l. Premo Pharmaceutical Laboratories, Inc.

46. As to each defendant, separately specify the acts which constitute the basis for the plaintiff's claim that the defendant is liable to that plaintiff, identifying each such defendant by name, and each such allegation.

**RESPONSE:** As to each defendant, the acts which constitute the basis for Plaintiff's claim

include: a) failure to test for safety or efficacy in humans or animals; b) overpromotion; c) failure to warn; d) strict liability; e) misrepresentation; and f) breach of warranty.

V. **AS TO THE CLAIMS OF EXPOSED PERSONS NOT BORN IN NEW YORK STATE**

47. If the exposed person was not born in the State of New York, state whether the DES was ever purchased or acquired in the State of New York, and if so, give the dates and places of those purchases or acquisitions; whether the DES mother resided in the State of New York during any time during the exposed plaintiff's gestation, and if so, state the dates and addresses of residence and any other contacts that plaintiffs claim either they or the DES mother had with the State of New York during the exposed person's gestation or at any other time.

**RESPONSE:** Plaintiff's mother acquired DES in the State of New York and resided in the State during Plaintiff's gestation in 1959 and 1960. See Plaintiff's Response to Request Nos. 4 and 5.

VI. **OTHER ACTIONS**

48. State whether any plaintiff has ever instituted an action in New York or a jurisdiction other than New York claiming injury or potential injury as a result of DES, and if so, identify which plaintiffs have done so, and set forth the name and index number of each other action and the name of each court and jurisdiction in which the action was or is pending. If the plaintiff used a different name, please specify the name used.

**RESPONSE:** Not applicable.

VII. **AS TO PLAINTIFF'S SPOUSE**

49. Identify the plaintiff's spouse.

**RESPONSE:** David Mordecai.

50. Identify the plaintiff to whom that spouse is or was married.

**RESPONSE:** Nicole Mordecai.

51. State the date and location of the marriage to the plaintiff identified in response to the preceding Request.

**RESPONSE:**
    a. Date of Marriage: 7/8/95; and

    b. Location of Marriage: Weston, MA.

52. State whether the spouse alleges that he or she cohabited continuously as husband and wife with the plaintiff. If not, give the dates during which they did not cohabit as husband and wife following the onset of the injuries alleged by the plaintiff.

**RESPONSE:** Plaintiff and spouse have cohabited continuously as husband and wife.

53. State when each spouse became aware of the injuries allegedly suffered by the plaintiff to whom he or she is or was married.

**RESPONSE:** See Plaintiff's Response to Request No. 29.

54. Does the spouse have any children? If so, identify each such child, state whether the child is that person's adopted or natural child, and the date of that child's birth and (if appropriate) adoption. Identify the child's other parent and state whether the other parent is a plaintiff.

**RESPONSE:** See Plaintiff's Response to Request No. 41.

VIII. **AS TO DES MOTHER WHO ALLEGES INJURY**

55. If the DES mother is also a plaintiff who alleges injury, answer Requests 28 through 39 with respect to the DES mother.

**RESPONSE:** Plaintiff's mother is not a party-plaintiff to the present lawsuit.

IX. **AS TO CLAIMS MADE AS A REPRESENTATIVE OF DECEASED**

56. If any plaintiff brings this action on behalf of a decedent's estate, identify the decedent and the legal representative of the estate, and state the date of death and date on which the court from which letters of administration or testamentary were issued, and the names and addresses of all beneficiaries and/or distributes and their relationships to the decedent.

**RESPONSE:** Not applicable.

X. **DOCUMENT REQUEST**

57. Provide the defendants with a copy of the following:

(a) All bills, cancelled checks, receipts, and other papers relating to expenses incurred for the medical treatment, hospital care, physicians' or nurses' services, medical supplies, etc., of the plaintiffs in relation to the injuries alleged.

**RESPONSE:** This information will be provided upon receipt and compilation.

(b) All medical reports from health care providers identified in response to the foregoing demands, including all reports from hospitals, clinics, or physicians.

**RESPONSE:**     Attached hereto as Appendix No. 1.

(c) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, and other health care facilities where plaintiff obtained treatment for the injuries alleged, including authorization to obtain all applicable x-ray and technician's reports.

**RESPONSE:**     Plaintiff will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(d) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the complete office medical records relating to plaintiff of each health care provider with regard to the treatment plaintiff received for the injuries alleged.

**RESPONSE:**     Plaintiff will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(e) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete pharmacy or drug store records with respect to any drug prescribed to plaintiff as identified in response to the foregoing demands.

**RESPONSE:**     Plaintiff will execute written authorizations addressed to those relevant pharmacies and/or drug stores upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(f) Plaintiff's birth certificate, or duly executed and acknowledged written authorization, to obtain plaintiff's birth certificate.

**RESPONSE:**     Attached hereto as Appendix No. 2.

(g) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain attendance and health records from any school or educational facility plaintiff attended.

**RESPONSE:**     Not applicable.

(h) Duly executed and acknowledged written authorizations in the form annexed hereto

to allow defendants to obtain salary and attendance records from plaintiff's employer, identified in response to demand No. 38.

**RESPONSE:**   Plaintiff is not presently making a claim for loss of wages.

(i)   Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the file or records of all insurance companies, governmental agencies, or other entities representing any collateral source which was identified in response to demand Nos. 37, 38, and 39 in regard to reimbursements made arising from the injuries alleged.

**RESPONSE:**   Plaintiff will execute written authorizations addressed to those relevant insurance companies, governmental agencies, or other entities upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(j)   Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, or physicians from whom plaintiff's mother received treatment during her pregnancy with plaintiff, through and including their release(s) from the hospital following plaintiff's birth.

**RESPONSE:**   Plaintiff's mother will execute written authorizations addressed to those relevant health care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

All authorizations must be executed by the plaintiff claiming to have sustained injuries, or by plaintiff's natural guardian, or by the decedent's representative or surviving spouse, or, in the case of records relating to the pregnancy leading to plaintiff's birth, by plaintiff's mother, and if the mother is deceased, by her representative or surviving spouse. If executed by any person other than plaintiff, (or in the case of records relating to the pregnancy leading to plaintiff's birth, her mother) that person's relationship to plaintiff or decedent shall be set forth on the authorization.

      The information contained in these requests, as well as the word usage, sentence structure, and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

      I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: Dec. 13, 2006

NICOLE MORDECAI, Declarant

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2006, a true and correct copy of the foregoing Plaintiff Nicole Mordecai's Responses to Defendants' Amended Uniform Preliminary Requests for Information was served via first class, postage prepaid, U.S. Mail, on counsel for Defendants:

John F. Kuckelman, Esq.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Emily J. Laird, Esq.
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005

Sidney G. Leech, Esq.
GOODELL, DEVRIES, LEECH & DANN LLP
One South Street
20th Floor
Baltimore, MD 21202

Elizabeth Ewert, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

John F. Anderson, Esq.
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, VA 22102

Aaron M. Bailey, Esq.
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Janet K. Coleman, Esq.
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, MD 21204

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

Sean C. E. McDonough, Esq.
HUDGINS LAW FIRM
515 King Street
Suite 400
Alexandria, VA 22314

_____
Aaron M. Levine